# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:20-cv-00360-MR

| | |
|---|---|
| **RODNEY E. JONES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| **NCDAC OFFICIALS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**THIS MATTER** is before the Court on Plaintiff's various motions requesting dismissal of this action, that the Clerk's Order directing partial payment of the filing fee be vacated, and reimbursement of the filing fee. [Docs. 9, 10, 11].

Pro se Plaintiff Rodney E. Jones ("Plaintiff") is an inmate of the State of North Carolina currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. On November 4, 2020, Plaintiff filed a "Petition for Judicial Review."[1] [Doc. 1]. In his Complaint, Plaintiff purports to "appeal[ ] the decision" of the North Carolina Department of Public Safety's Division of Adult Corrections and Juvenile Justice (NCDPS

---

[1] Despite its title, the Court treats this filing as a Complaint for relief under 42 U.S.C. § 1983 given the nature of Plaintiff's claims and the relief he seeks, as discussed below.

DAC) with respect to two grievances, Grievance Nos. 3500-2020-602-13408 ("Grievance 13408") and 3500-2020-602-13767 ("Grievance 13767"). [Doc. 1]. In his Complaint, Plaintiff invokes N.C. Gen. Stat. § 148-118.1 et seq., whereby the NCDPS DAC adopts an Administrative Remedy Procedure (ARP) in compliance with 42 U.S.C. § 1997.[2] N.C.G.S. § 148-118.1. It appears that Grievance 13408 involves an appeal from an adverse disciplinary decision against Plaintiff related to a P.R.E.A.[3] investigation.[4] [Doc. 1 at 1-2, see id. at 3]. Grievance 13767 involves Plaintiff's complaint that some of Plaintiff's legal documents were not returned to him after Plaintiff was transferred from Piedmont Correctional Institution to Alexander. [Doc. 1 at 4]. This Grievance was dismissed after appeal to Step Three of the ARP. [Id.]. For relief, Plaintiff seeks reversal of the decision on Plaintiff's disciplinary appeal, reimbursement for his lost legal property, and $5,000.00

---

[2] The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id.

[3] P.R.E.A. stands for the Prison Rape Elimination Act, 34 U.S.C. § 30301. It seeks to establish "zero tolerance" for the incidence of prison rape. The purpose of this Act is to protect inmates in correctional facilities from sexual abuse and sexual assault. Gadeson v. Reynolds, No. 2:08-3702-CMC-RSC, 2009 WL 4572872, at *3 (D.S.C. Dec. 4, 2009).

[4] Plaintiff submits only the initial Screening Response to this Grievance, which notes that Plaintiff's grievance "has been accepted and will begin the review process." [Doc. 1 at 3].

2

in damages. [Id. at 2].

Plaintiff did not pay a filing fee or file an Application to Proceed In Forma Pauperis with his Complaint. [See Doc. 2]. On December 4, 2020, the Clerk, therefore, sent Plaintiff a Notice of Deficiency, advising Plaintiff to either file an application to proceed without prepayment of fees and affidavit or to pay the filing fee. [Id.]. The same day the Clerk also entered an Order for Prisoner Trust Account Statement in which Plaintiff's correctional facility was ordered to provide a certified copy of Plaintiff's trust account statement to assess Plaintiff' ability to pay the entire filing fee in one payment. [Doc. 4].

Then, on December 9, 2020, the Clerk docketed Plaintiff's "Corrections Administrative Remedy Procedure," which was filed on November 24, 2020. [Doc. 5]. In this filing, Plaintiff appears to expound on his claim related to Grievance 13408. [See id.]. He seeks "relief from imposition of judgment from 4-26-20 A25 reference to PREA inadvertently did by the defendants." [Id. at 1]. Plaintiff alleges facts he contends support his request that the Court vacate the "DHO Decision." [Id. at 2]. He seeks "reinstatement of medium custody, all good, gain time lost, expungement of change from record." [Id.]. As such, taking Docket Nos. 1 and 5 together, it appears Plaintiff intended to assert a claim or claims under 42 U.S.C. § 1983, as well

as to seek habeas relief.

On December 22, 2020, the Clerk entered an Order waiving the initial partial filing fee and directing the Plaintiff's correctional facility to transmit partial payments. [Doc. 8 at 1]. The Clerk noted that the Plaintiff's inmate trust fund account statement reflected that Plaintiff had accrued an income of $560.02 during the six months prior to Plaintiff's Complaint. [Id.]. The Clerk waived the initial partial filing fee and ordered payments by the facility of 20% of Plaintiff's preceding month's income credited to Plaintiff's trust account. [Id.].

Since that Order, Plaintiff has filed two motions, a "petition," and two letters, objecting to the Clerk's Order, seeking that it be vacated and that any filing fees be returned to Plaintiff. [See Docs. 9-13]. Plaintiff also seeks dismissal of the instant action. [Docs. 9, 10]. Plaintiff contends that he "did (Not) file a civil action" and that he "only wrote a letter to the Court about NCGS § 148-118.1, (2)." [Doc. 9 at 1; Doc. 10 at 2 ("Plaintiff, Jones fully rebuts and objects to paying any filing fee, because [he] did not file any Civil Action with this Court.")]. Plaintiff requests that this case be dismissed without prejudice and that "no filing fees to be deducted, due to no case." [Doc. 10 at 3; see Doc. 11].

Here, Plaintiff's allegations, purported claims, and relief sought are inconsistent, incomplete, and confusing. Plaintiff now wants his Complaint dismissed, in any event, claiming he never intended to file an action in the first place, but only a "letter." Because no answer has been filed, Plaintiff could have filed a notice of dismissal without a court order. See Fed. R. Civ. P. 41(a)(1)(A)(i) (stating that the plaintiff may take a voluntary dismissal without a court order "before the opposing party serves either an answer or a motion for summary judgment"). Here, initial review has not been conducted and Defendants, therefore, have not answered the Complaint. In any event, for the sake of clarity, the Court will grant Plaintiff's motion for voluntary dismissal.

Because Plaintiff's Complaint will be dismissed and because Plaintiff may have been genuinely confused about the nature of the case he was filing, the Court will vacate the Clerk's Order directing payment of the filing fee. The Court will also, in its discretion, direct that any filing fee that has been paid by Plaintiff in this case be reimbursed. LCvR 3.1(e)(2). Plaintiff, however, is cautioned that before filing any documents with this Court in the future, he should know and understand the nature of his claims and the associated filing fees.

# ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's motions [Docs. 9, 10, 11] are **GRANTED IN PART** insofar as the Clerk's Order [Doc. 8] is hereby **VACATED** and Plaintiff's Complaint is hereby **DISMISSED without prejudice** and **DENIED IN PART** as to any other relief sought by Plaintiff therein.

The Clerk is directed to reimburse any amounts Plaintiff has paid to date toward the filing fee in this action.

**IT IS SO ORDERED.**

Signed: February 2, 2021

Martin Reidinger
Chief United States District Judge